LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. James Martin Busby was convicted by a jury in the Harrison County Circuit Court of one count of auto burglary and one count of auto theft. Busby was sentenced as a habitual offender to seven years for the auto burglary and fifteen years for the auto theft. His sentences were ordered to run concurrently and be served in the custody of the Mississippi Department of Corrections. Busby filed post-trial motions, which the trial court denied. Busby’s appellate counsel filed an appeal asserting that the evidence was insufficient to support his conviction. Busby also filed a separate brief raising several additional issues, as follows: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (8) confusion regarding two jury instructions; and (4) error in the denial of his request for a continuance and substitution of counsel.
FACTS
¶ 2. At some time during the night of May 3 or morning of May 4, 2012, Oscar Sanzin’s gold truck was stolen from his carport. Sanzin’s home was located in Harrison County, Mississippi. Deputy Charles Saucier of the Harrison County Sheriff’s Department responded to the scene. Sanzin’s neighbor, Sandra Pittman, approached Deputy Saucier and told him that her husband’s car had been broken into and his wallet stolen. Yon Pittman testified he had left his wallet in the console of his car the night before and often left his car doors unlocked.
¶ 3. Officer Martin Wagner of the Biloxi Police Department heard the BOLO, or “be on the lookout,” for Sanzin’s gold truck and spotted a truck matching the description. Officer Wagner, along with back-up, initiated a traffic stop. The driv *235 er pulled over. Officer Wagner ordered the driver, later identified as Busby, to turn off the engine, but Busby sped away. Busby was pursued until forced to stop due to road obstructions. Busby exited the ■ truck and was apprehended by the police.
¶ 4. During an initial search of Busby, the officers found a wallet in Busby’s pocket. This wallet contained Von Pittman’s debit card and Busby’s identification. Von Pittman identified the wallet and debit card as his personal items that he had placed in the console of his car the night of May 3, 2012.
¶ 5. Busby testified he had received the wallet earlier in the day on May 3, 2012. Busby spent the night of May 3 gambling and drinking heavily at a casino. According to Busby, he was offered a ride by a man named Eugene, who was driving a gold truck. Eugene gave Busby Von Pittman’s debit card to put gas in the truck. But Eugene disappeared, and Busby drove the truck around until he was apprehended.
DISCUSSION
I.SUFFICIENCY OF THE EVIDENCE
¶ 6. In the only issue briefed by Busby’s appellate counsel, Busby’s counsel contends the evidence was insufficient to support the guilty verdict. Regarding whether the evidence was legally sufficient to support the verdict, we look to our standard of review. “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]’” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. Id. The jury determines the credibility of witnesses and resolves conflicts in' the evidence. Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003).
¶ 7. Busby’s counsel contends the possession of the truck and debit card is not sufficient proof that he stole the truck or burglarized the Pittmans’ car. Busby’s counsel cites to Murphy v. State, 566 So.2d 1201, 1206 (Miss.1990), for support. The Mississippi Supreme Court in Murphy stated that “[m]ere possession of stolen articles, by itself, is not enough to convict a person for the crime of burglary.” Id. However, in Shields v. State, 702 So.2d 380, 382 (Miss.1997), the supreme court determined that under certain circumstances, possession of recently stolen property could support a burglary conviction. The supreme court enumerated the following factors to determine whether such possession of recently stolen property provided a strong enough inference to support a conviction:
1. The temporal proximity of the possession to the crime to be inferred;
2. The number or percentage of the fruits of the crime possessed;
3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;
4. Whether an explanation is given and whether that explanation is plausible or demonstrably false.
Id. at 383.
¶ 8. The first factor, the temporal proximity of possession, lends great strength to the inference that Busby committed the burglary and auto theft. Evidence shows that Busby possessed fruits of the burglary and auto theft on the same day of the *236 crimes. The second factor also lends strength. The items taken, including the truck, wallet, and debit card, were in Busby’s possession. The third factor also supports the inference in that Busby fled from the police upon detection. In regard to the fourth factor, Busby’s counsel did offer an explanation, but the explanation was hardly credible. Considering all of the strength of the inferences together, we conclude that under the circumstances of this case, the inference of burglary and auto theft is sufficient to support a conviction. We find this issue without merit.
II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 9. In his pro se brief, Busby argues that his trial counsel was ineffective. However, the supreme court has stated:
[I]neffective[-]assistance[-]of[-]counsel claims are more appropriately brought during post-conviction proceedings. This is because during direct appeals the Court is limited to the trial court record in its review of the claim, and there may be instances in which insufficient evidence exists within the record to address the claim adequately. In such a case, the appropriate procedure is to deny relief, preserving the defendant’s right to argue the issue through a petition for post-conviction relief.
Archer v. State, 986 So.2d 951, 955 (¶ 15) (Miss.2008) (internal citations omitted). As a result, we deny relief at this time on this issue.
III. PROSECUTORIAL MISCONDUCT
¶ 10. In his next issue, Busby contends the State committed misconduct by submitting an invalid conviction into the record. Busby argues the section of the indictment that listed his prior convictions for habitual-offender status is incorrect. The indictment lists five separate prior convictions to prove Busby’s habitual-offender status. The third conviction listed states Busby was convicted in cause number B2401-2004-705 of auto theft on April 25, 2006, and sentenced to five years. The fourth conviction listed states Busby was convicted in cause number B2401-2004-709 of auto theft on April 25, 2006, and sentenced to seven years. Busby argues this fourth conviction was incorrect and that cause number B2401-2004-709 was a burglary charge.
¶ 11. The State’s exhibit 1, which was introduced at the sentencing hearing, includes a copy of Busby’s conviction from April 25, 2006, which states Busby pleaded guilty to auto theft in cause number B2401-2004-705 and burglary in cause number B2401-2004-709. It appears Busby is correct that the habitual-offender portion of his indictment contains an error and should say Busby was convicted in cause number B2401-2004-709 of burglary (not auto theft) on April 25, 2006. But Busby did not object to this error prior to trial, during trial, or post-trial. Because no objection was made, Busby must rely on plain error. See Flora v. State, 925 So.2d 797, 811 (¶42) (Miss.2006) (“If no contemporaneous objection is made at trial, a party must rely on the plain[-]error rule to raise the assignment of error on appeal.”). We find no plain error occurred. While the indictment had auto theft rather than burglary listed as cause number B2401-2004-709, it did include the dates Busby was convicted and sentenced for each prior crime, the nature of the crimes, the cause numbers, and the length of each sentence. This information was more than sufficient to put Busby on notice of the prior crimes used to charge him as a habitual offender. This issue is without merit.
IV.JURY INSTRUCTIONS
¶ 12. Busby next argues two jury instructions, D-6 and D-8, were left un *237 marked, and this confused the jury. According to the record, the trial court decided to give both instructions. However, Busby offers no argument, legal or otherwise, in support of his assertion that the jury was “possibly” confused because these instructions were not marked as “given.” This issue is without merit.
V. DENIAL OF REQUEST FOR CONTINUANCE AND SUBSTITUTION OF COUNSEL
¶ 13. In his final issue, Busby argues the trial court erred in denying his request for a continuance and substitution of counsel. Busby contends his waiver of arraignment states that his trial was initially set for April 8, 2013, but “for reasons unknown to Busby, the trial was rescheduled for the earlier date of March 4, 2013.” Busby then contends he requested a continuance since he was “not in agreement with the rescheduling of this trial date for which Busby had entered into a legally binding contract/agreement.” However, the record, including the docket, does not show any motion for a continuance filed on Busby’s behalf. The only mention of a continuance in the record occurred the day trial was to commence and concerned another matter.[1] We do not find any merit to this issue.
¶ 14. On the day trial was to begin, Busby informed the trial court he had conflicts with his attorneys and wanted new representation. The trial court denied his request. In Burnett v. State, 285 So.2d 783, 783-84 (Miss.1973), the supreme court said that “[t]he motion of an indigent prisoner requesting the court to dismiss his court-appointed attorney is addressed to the sound discretion of the trial judge.” Here, the trial court noted that Busby’s attorneys had considerable trial experience and were prepared for trial to begin. This issue is without merit.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AUTO BURGLARY, AND SENTENCE OF SEVEN YEARS; AND COUNT II, AUTQ THEFT, AND SENTENCE OF FIFTEEN YEARS, WITH SENTENCES TO RUN CONCURRENTLY, ALL AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. While in a holding cell awaiting trial, Busby was assaulted by another prisoner. Approximately one hour prior to trial, the trial court spoke with Busby about his condition. The trial court decided to continue trial until the next day in order for Busby's condition to improve.