LEE, C.J.,
FOR THE COURT:
PROCEDURAL HISTORY
¶ 1. James Wordlaw was convicted by a jury in the Oktibbeha County Circuit Court of one count of possession of more than .1 gram but less than 2 grams of a controlled substance. He was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015) and as a subsequent drug offender pursuant to Mississippi Code Annotated section 41-29-147 (Rev. 2013) to six years in the custody of the Mississippi Department of Corrections, without reduction or suspension, or eligibility for parole or probation. Wordlaw was also ordered to pay a $6,000 fine.
¶ 2. Wordlaw filed posttrial motions, which the trial court denied. He now appeals, asserting that the trial court erred by denying his circumstantial-evidence jury instructions and by failing to instruct the jury on venue. We find reversible error regarding venue and remand for a new trial. We decline to address Wordlaw’s other issue.
FACTS
¶3. On the morning of December 24, 2013, Jeremy Akins, an officer with the Starkville Police Department (SPD), noticed a black Toyota Tacoma speeding in *769 Starkville, Mississippi. Officer AMns initiated a traffic stop, and recognized the driver of the truck as Wordlaw. Officer Akins testified that he had seen Wordlaw driving the same truck several times in the weeks leading up to December 24. Word-law told Officer Akins that his license had been suspended. Officer Akins testified that he discovered Roy Bennett was the title owner of the truck,
¶ 4. Although he first claimed the truck belonged to Bennett, his boss, Wordlaw consented to a search. Officer Akins discovered a cigarette pack between the driver’s seat and the middle console. The cigarette pack contained a clear bag filled with a white substance, which was later tested and determined to be crack cocaine. Word-law was subsequently arrested.
¶ 5. Chris Jackson, an officer with the SPD, also responded to the scene. Officer Jackson approached the passenger side of the truck, where Andrea Middleton was sitting. While Officer Akins searched the truck, Officer Jackson received consent from Middleton to search her pockets. Officer Jackson found a crack pipe in Middleton’s pocket. Middleton was subsequently arrested. Other items associated with drug use were found in the truck, including copper brillo pads, copper wiring, and a “push rod” for. use with a crack pipe. Officer Jackson also testified that while Officer Akins searched the truck, he noticed Wordlaw with what resembled a plastic bag in his mouth. He ordered Wordlaw to spit out the plastic bag, but Wordlaw swallowed it instead. An ambulance was called to the scene, but Wordlaw refused medical treatment.
¶ 6. During trial, Bennett testified that he had sold the truck to Wordlaw in October 2013. At .the time, Bennett said his daughter’s boyfriend had been paying the car-insurance premiums.
¶7. Middleton testified that Wordlaw had offered her a ride. . When they noticed the police lights, Wordlaw asked her to hold a cigarette pack. Middleton testified that she refused. Middleton admitted that she had a crack pipe, but denied-possession of the cocaine. Middleton stated she did not know Wordlaw had drugs in the truck until he tried to get -her to hold: the cigarette pack. Middleton said she had been charged , with possession-of cocaine but the charge was later retired to her file. She pleaded guilty to possession of drug paraphernalia.
DISCUSSION
¶ 8. Wordlaw argues that the trial court failed to include .the county and state in the jury instructions. And he contends that the failure to include the venue in jury instruction S.-2 is reversible error. “Failure to instruct the jury on the essential elements of the crime is plain error.” Rogers v. State, 95 So.3d 623, 632 (¶ 30) (Miss. 2012). Venue is considered an .essential element to a criminal prosecution. Id.
. ¶ 9. Wordlaw objected to instruction S-2, arguing it was an improper-instruction for failing to include venue. S-2 read as follows:
The Court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that, the, Defendant, James Howard Wordlaw, did on or about December 24, 2013, . unlawfully, willfully, feloniously, knowingly[,] and intentionally possess a controlled substance, to wit: Cocaine, in an amount greater than .1 [gram] but less than 2 [grams], then you shall find the Defendant guilty as charged. If the State has failed to prove any of .these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
¶ 10. The trial court overruled Word-law’s objection. When Wordlaw presented *770 instruction D-2, which tracked the model jury instruction by including the county where the offense occurred, the trial court stated, “D-2 is refused as repetitious. [I] already gave that same instruction. [The] only difference is [D-2] says Oktibbeha County, Mississippi, and that [is] not necessary in the instructions.” No other instructions given to the jury mentioned where the crime occurred, and the indictment was not submitted to the jury.
¶ 11. In Rogers, the supreme court found that the failure to instruct the jury on venue was plain error, and reversed for a new trial. Id. at 624 (¶ 1). The instruction at issue read:
The Court instructs the Jury that ... if you believe from the evidence in this case beyond a reasonable doubt that at the time and place charged in Count Two of the indictment and testified about, the Defendant, Allen Lynn Rogers, Jr., did willfully, unlawfully[,] and feloniously touch the person of William Hicks, a male child under the age of sixteen (16) years[,] for the purpose of gratifying his lust and indulging his depraved licentious sexual desires, at a time when he, the said Allen Lynn Rogers Jr., was a male person above the age of eighteen (18) years, then it is your duty to find the Defendant guilty as charged in Count Two.
Id. at 631-32 (¶28). The supreme court determined that the jury was “never instructed that, to convict, it was required to find from the evidence, beyond a reasonable doubt, that the crime had occurred in Scott County, Mississippi.” Id. at 631 (¶ 28). The court stated that “the phrase ‘at the time and place charged in Count Two of the indictment and testified about’ did not apprise the jury that the crime must have occurred in Scott County, Mississippi.” Id. at 632 (¶ 28). The court further noted that the indictment was not submitted to the jury for consideration and the “ ‘time and place testified about’ was far from definite.” Id.
¶ 12. In Chesney v. State, 165 So.3d 498, 504 (¶ 12) (Miss. Ct. App. 2015), this Court found reversible error where the jury was not instructed as to venue. The instruction at issue in Chesney was similar to the one in Rogers where it provided that the jury had to find the crime occurred “at the time and place charged” in the indictment. Id. at 503 (¶ 12). Like Rogers, the indictment was not submitted to the jury. We noted that “nowhere was the jury instructed in open court that the location of the conduct was an element of the offense.” Id. at 503-04 (¶ 12). Although there was testimony during trial regarding the location of the offense, “the jury was never instructed that it had to find that the crimes occurred in Neshoba County.” Id. at 504 (¶ 12).
¶ 13. Here, as in Chesney, there was some proof of venue elicited during trial. Regardless, the instructions did not apprise the jury that it had to find beyond a reasonable doubt that the crime occurred in Oktibbeha County. As the supreme court has stated, “such an obvious omission is fatal and requires reversal.” Rogers, 95 So.3d at 632 (¶ 30).
¶ 14. This is not a case where a defendant is attempting to create reversible error by purposefully failing to object to insufficient jury instructions. Rather, Wordlaw attempted twice to have the jury instructed as to venue, only to be overruled on both occasions.
¶ 15. The dissent cites to Rooks v. State, 529 So.2d 546 (Miss. 1988), for support. In Rooks, the supreme court determined that since the defendants did not present evidence that venue was improper, then the omission of venue from the jury instruction was not reversible error. Id. at 556. It is true that Rooks has not been overruled; *771 however, no case has cited Rooks for this particular holding. And caselaw is clear that venue is considered an essential element.
¶ 16. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIB-BEHA COUNTY.
BARNES, ISHEE, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING AND GRIFFIS, P.JJ., AND WILSON, J.