# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01300-COA

ANTWOINE ESTERS A/K/A ANTWOINE D. ESTERS      APPELLANT

v.

STATE OF MISSISSIPPI      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2017 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 01/08/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**TINDELL, J., FOR THE COURT:**

¶1. A Forrest County jury convicted Antwoine Esters of burglary of an automobile. *See* Miss. Code Ann. § 97-17-33(1) (Rev. 2014). The Forrest County Circuit Court sentenced Esters as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) to seven years in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for probation or parole. On appeal, Esters argues that (1) insufficient evidence supported his conviction, and (2) the circuit court failed to properly instruct the jury on the essential elements of auto burglary. Finding no error, we affirm.

**FACTS**

¶2.    On May 29, 2016, Melinda Bowens returned to her Hattiesburg apartment after a beach trip with a friend. Bowens allowed her friend to drive her vehicle back from the trip. When they arrived at Bowens's apartment, Bowens failed to check whether her friend locked the vehicle. The next morning, on May 30, 2016, Bowens got into her vehicle to attend a Memorial Day picnic. After trying unsuccessfully to start her vehicle, Bowens looked around and realized that several items were missing. Bowens testified the stolen items included an expired debit card, an expired driver's license, a work ID, a set of work keys, paperwork and personal mail, CDs, about $500, a GPS, and an iPod. Bowens reported the auto burglary to the police, who found no visible signs of forced entry into Bowens's vehicle.

¶3.    Later that same day, Bowens was napping in her apartment when her doorbell rang. When Bowens looked outside, she saw a strange man, later identified as Esters, fidgeting with the deadbolt to her apartment. Bowens also noticed a bag that had been stolen from the trunk of her vehicle on the ground by Esters's feet. Bowens's apartment manager, Maureen Perry, walked by just as Bowens opened her apartment door and grabbed the bag. Perry testified that she approached Esters after also observing him fidgeting with the lock to Bowens's apartment door. When Perry asked what Esters was doing, Esters claimed to be Bowens's boyfriend.

¶4.    Despite Esters's claims that he knew Bowens, Bowens testified she had never before seen him, and Perry confirmed that Esters did not live in Bowens's apartment. While

speaking to Perry, Esters pulled out his wallet, and Perry testified that Bowens's expired driver's license with the end clipped off fell to the ground. Bowens told Perry that she had called the police. As Perry escorted Esters off the premises, she testified that the police arrived and arrested Esters.

¶5. Officer Eric Gannon testified he was the first officer to arrive on the scene following the disturbance call. As he had done when questioned by Perry, Esters told Officer Gannon he was Bowens's boyfriend. Upon Esters's arrest, officers found him to be in possession of several additional items reported stolen from Bowens's vehicle. Esters told the officers he had the items because he was trying to return them to Bowens.

¶6. After considering all the testimony and evidence, the jury found Esters guilty of auto burglary. The circuit court then sentenced Esters as a habitual offender to seven years in MDOC's custody without eligibility for probation or parole. Esters filed an unsuccessful motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. Aggrieved, Esters appeals.[1]

## DISCUSSION

### I. Sufficiency of the Evidence

¶7. Esters raises two arguments regarding the sufficiency of the evidence supporting his auto-burglary conviction. He first argues the State failed to provide any evidence as to the

---

[1] The circuit court granted Esters's motion for leave to file an out-of-time appeal after finding that Esters supported his motion with good cause and that the district attorney raised no objection.

3

specific vehicle that was burglarized. Second, he claims the State failed to prove the "breaking" element of his conviction because it never demonstrated "that an actual breaking occurred to gain entry into Bowens's [vehicle]."

¶8.     We review Esters's challenges to the sufficiency of the evidence de novo. *See Johnson v. State*, 235 So. 3d 1404, 1410 (¶12) (Miss. 2017). As the Mississippi Supreme Court recently stated:

> When the legal sufficiency of a conviction is challenged, [the appellate c]ourt must discern whether the evidence shows beyond a reasonable doubt that the accused committed the act charged . . . and that he did so under such circumstances that every element of the offense existed. In doing so, we must view all evidence in the light most favorable to the State. Should [the appellate c]ourt determine that reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed legally sufficient.

*Hall v. State*, 245 So. 3d 396, 401 (¶21) (Miss. 2018) (citations and internal quotation marks omitted).

¶9.     We first address Esters's argument that insufficient evidence supported his conviction because the State failed to prove an essential element of the crime charged. As Esters points out, despite amending his indictment to specifically reflect the correct make, model, and VIN number of Bowens's vehicle, the State never actually asked Bowens at trial about the type of vehicle she owned. Furthermore, neither Bowens nor any of the State's other witnesses ever identified the make, model, or VIN number of Bowens's vehicle. While one would expect the State to elicit testimony at trial that conforms with the indictment, the mere fact that an indictment provides the subject vehicle's make, model, and VIN number does not

4

render such information an essential element of auto burglary.[2] Neither our statutory law nor caselaw identifies the legal description of a subject vehicle as an essential element of auto burglary. As a result, the State's failure to present proof of this fact at Esters's trial does not require reversal of Esters's conviction or sentence.

¶10. Esters was convicted under section 97-17-33(1), which provides:

> Every person who shall be convicted of breaking and entering, in the day or night, **any . . . automobile** . . . in which any goods, merchandise, equipment[,] or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, . . . shall be guilty of burglary[] and imprisoned in the penitentiary not more than seven (7) years.

(Emphasis added). As discussed, neither the relevant statute nor applicable caselaw requires the State to identify, let alone prove, the legal description of the automobile burglarized to establish that a defendant committed auto burglary. Instead, the State must prove (1) the "unlawful breaking [into] and entering of **an automobile**" (2) "with the intent to steal[] or with the intent to commit any felony." *Qualls v. State*, 947 So. 2d 365, 374 (¶29) (Miss. Ct. App. 2007) (emphasis added).[3]

---

[2] *Cf. Musacchio v. United States*, 136 S. Ct. 709, 715 (2016) ("[W]hen a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charged crime, not against the erroneously heightened command in the jury instruction.").

[3] Similarly, in cases involving the burglary of a nondwelling, the State need not provide or prove the legal description of the nondwelling for the jury to convict the defendant. *See Stubbs v. State*, 220 So. 3d 1014, 1017 (¶13) (Miss. Ct. App. 2017). Instead, the State must establish "the breaking and entering **of a building**, in which any goods, merchandise, equipment, or valuable thing is kept for use, sale, deposit, or transportation, with the intent to steal therein, or to commit any felony." *Id.* (emphasis added).

¶11.    We next consider Esters's argument that the State failed to sufficiently prove the "breaking" element of his conviction.  Esters asserts the record contains no evidence to indicate whether the doors and windows of Bowens's vehicle were closed.  According to Esters, if he "was able to gain entry [into Bowens's vehicle] by merely reaching into an already open door, he [did not commit] a burglary."  Our caselaw holds that an actual breaking occurs when a person uses "any act of force, however slight, . . . to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed." *Naylor v. State*, 248 So. 3d 793, 796 (¶10) (Miss. 2018).  In fact, the minimal effort required by turning a doorknob to gain entry to an unlocked door, raising a latch, or slightly pushing an already open door suffice for the element of breaking.  *Harris v. State*, 68 So. 3d 754, 757 (¶11) (Miss. Ct. App. 2011); *Davis v. State*, 910 So. 2d 1228, 1231 (¶23) (Miss. Ct. App. 2005).

¶12.    Here, officers found no visible signs of forced entry into Bowens's vehicle.  Bowens testified at trial that she believed her friend had locked the vehicle when they returned from the beach trip.  In addition, she never indicated that she or her friend had left any windows or doors open when they exited the vehicle, and she never testified to noticing an open window or door when she returned to her vehicle the following day.  However, after trying unsuccessfully to start her vehicle, Bowens looked around and realized several items were missing.  Later that day, officers arrested Esters, who had several of Bowens's stolen items in his possession.

6

¶13.   On its own, the mere possession of stolen property is insufficient to convict a defendant of burglary. *Busby v. State*, 160 So. 3d 233, 235 (¶7) (Miss. Ct. App. 2014). However, when certain circumstances are present, the possession of recently stolen property can support a conviction. *Id.*   To determine whether sufficient evidence supports an inference of burglary, we consider the following factors:

1.   The temporal proximity of the possession to the crime to be inferred;

2.   The number or percentage of the fruits of the crime possessed;

3.   The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;[ and]

4.   Whether an explanation is given and whether that explanation is plausible or demonstrably false.

*Id.*

¶14.    As to the first factor, temporal proximity, Bowens discovered Esters in possession of some of her stolen property only hours after she reported the auto burglary. As both Bowens and Perry testified, Esters was attempting to enter Bowens's apartment even though he neither lived there nor knew Bowens. With regard to the second factor, at the time he tried to enter Bowens's apartment, Esters had in his possession both Bowens's expired license and a bag stolen from her vehicle. When officers arrested Esters just minutes later, they also found several other items stolen from Bowens's vehicle in his possession. Finally, as to the third and fourth factors, these also support the inference of burglary. In response to questions from both Perry and police officers, Esters offered an explanation that was demonstrably

false. He claimed to be Bowens's boyfriend and stated he was trying to return the items to her. Bowens testified, however, that she had never before seen Esters, and Perry confirmed that Esters did not live at Bowens's apartment. Considering together all the indicia of strength from these inferences, we find that, under the circumstances, a sufficient inference of burglary supported Esters's conviction.

¶15. After viewing the evidence in the light most favorable to the verdict, we find a reasonable and fair-minded jury could have concluded Esters was guilty of auto burglary beyond a reasonable doubt. We therefore find no merit to Esters's challenges to the legal sufficiency of the evidence.

## II. Essential-Elements Jury Instruction

¶16. Esters also contends the circuit court erred by not instructing the jury on an essential element of auto burglary. Because Esters failed to object to the jury instruction at trial, he is procedurally barred from doing so now unless plain error resulted. *See Walters v. State*, 206 So. 3d 524, 530 (¶16) (Miss. 2016). The plain-error doctrine requires the existence of an error that "resulted in a manifest miscarriage of justice." *Id.* We will find plain error where (1) the trial court deviated from a legal rule, and (2) the resulting error, whether "plain, clear[,] or obvious," prejudiced the trial's outcome. *Id.*

¶17. We review a trial court's grant or denial of proposed jury instructions for abuse of discretion. *Brown v. State*, 222 So. 3d 302, 306 (¶19) (Miss. 2017). "The instructions are to be read together as a whole, with no one instruction to be read alone or taken out of

8

context." *Reith v. State*, 135 So. 3d 862, 865 (¶4) (Miss. 2014) (quoting *Bailey v. State*, 78 So. 3d 308, 315 (¶20) (Miss. 2012)). "[I]f the jury instructions fairly state the law of the case and create no injustice, then no reversible error will be found." *Id.* We must reverse, however, where the trial court fails to instruct the jury on the essential elements of the crime. *Wordlaw v. State*, 218 So. 3d 768, 769 (¶8) (Miss. Ct. App. 2017).

¶18.    In the present case, the circuit court gave proposed jury instruction S-1A, which stated:

> The [c]ourt instructs the [j]ury that the Defendant, Antwoine D. Esters, has been charged with the crime of [b]urglary of an [a]utomobile.
>
> If you find from the evidence in this case beyond a reasonable doubt that[,] on or between May 29, 2016[,] and May 30, 2016, in Forrest County, Mississippi:
>
> 1.    Antwoine D. Esters did break and enter a 2012 Ford Escape, the property of Melinda . . . Bowens;
>
> 2.    Antwoine D. Esters did not have permission to enter the vehicle; and
>
> 3.    Antwoine D. Esters intended to take, steal, and carry away the personal property therein;
>
> then you shall find the Defendant, Antwoine D. Esters[, g]uilty of [b]urglary of a [v]ehicle.
>
> If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant, Antwoine D. Esters[, n]ot [g]uilty of [b]urglary of a [v]ehicle.

¶19.    Section 97-17-33(1) defines auto burglary as the "breaking and entering . . . [of] any . . . automobile . . . in which any goods, merchandise, equipment[,] or valuable thing shall

9

be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony . . . ." As given, jury instruction S-1A did not specifically require the jury to find that Bowens's vehicle contained "any goods, merchandise, equipment[,] or valuable thing . . . kept for use, sale, deposit, or transportation . . . ." *Id.* However, to convict Esters of auto burglary, the instruction required the jury to find that he unlawfully broke and entered Bowens's vehicle with the intent "to take, steal, and carry away the **personal property therein** . . . ." The jury was therefore properly instructed as to the essential elements of auto burglary: "[the] unlawful breaking and entering of an automobile with the intent to steal[] or . . . to commit any felony." *Qualls*, 947 So. 2d at 374 (¶29). Furthermore, by convicting Esters, the jury necessarily found that Bowens's vehicle contained "personal property" Esters intended to steal. We find no material difference between this finding and a finding that a vehicle contained "goods" or some "valuable thing." In fact, "[t]his Court has held that[,] where a jury can reasonably infer that a vehicle contained 'at least two seats, a steering wheel, a gear shift, acceleration and brake pedals, and other items necessary for operation of the vehicle,' that such items qualify as 'equipment, or valuable things kept for use.'" *Johnson v. State*, 94 So. 3d 316, 322 (¶13) (Miss. Ct. App. 2011) (quoting *Riley v. State*, 11 So. 3d 751, 754 (¶12) (Miss. Ct. App. 2008)).

¶20. Although perhaps technically imperfect, we find instruction S-1A nevertheless covered the substance of the essential elements of auto burglary and properly instructed the jury on the crime charged. Because there is no evidence that the instruction "resulted in a

10

manifest miscarriage of justice" or prejudiced the outcome of Esters's trial, we decline to find plain error. *Walters*, 206 So. 3d at 530 (¶16). We therefore conclude this assignment of error lacks merit.

## CONCLUSION

¶21. Because we find no error in Esters's conviction and sentence for auto burglary, we affirm.

¶22. **AFFIRMED.**

**GRIFFIS, C.J., BARNES AND CARLTON, P.JJ., WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**