# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00263-COA

STATE OF MISSISSIPPI                                    APPELLANT

v.

VERINA CHILDS A/K/A VERINA M. CHILDS                    APPELLEE
A/K/A VERINA MARIE CHILDS

DATE OF JUDGMENT:           02/05/2018
TRIAL JUDGE:                HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:  OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:    SCOTT W. COLOM
                            MARC D. AMOS
ATTORNEY FOR APPELLEE:      MATTHEW W. KITCHENS
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                REVERSED AND REMANDED - 05/12/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE BARNES, C.J., WESTBROOKS AND C. WILSON, JJ.

## C. WILSON, J., FOR THE COURT:

¶1.     An Oktibbeha County Circuit Court jury convicted Verina Childs of murdering her husband, Doug Childs, in 2011. Verina was sentenced to serve life in prison in the custody of the Mississippi Department of Corrections (MDOC). The supreme court affirmed Verina's conviction and sentence on direct appeal. *Childs v. State*, 133 So. 3d 348, 352 (¶19) (Miss. 2013). Thereafter, Verina sought leave from the supreme court to file a motion for post-conviction collateral relief (PCR) in the circuit court, which the supreme court granted in part and denied in part. After filing her PCR motion in the circuit court, Verina moved to amend her PCR motion to assert a new claim based on the State's failure to instruct the jury

on venue—an essential element of the crime. After allowing the amendment, the circuit court adjudicated Verina's new claim, finding that the State's failure to instruct the jury on venue constituted reversible error. The State appealed. Because Verina did not first seek leave from the supreme court to assert her newly-raised venue claim, the circuit court lacked jurisdiction to consider the claim and thus abused its discretion in granting Verina's motion to amend her PCR petition. Accordingly, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

¶2. On the morning of November 22, 2009, Verina and her husband Doug went deer hunting together. According to Verina, her stomach started hurting shortly after settling into their separate hunting locations. *Childs*, 133 So. 3d at 349 (¶4). Verina sent Doug a text message informing him that she was going back home. *Id.* Once she got home, she unloaded her rifle, changed out of her hunting clothes, and sent Doug another text message stating that she was going to stay home and clean around the house. *Id.* But Doug apparently never received Verina's text messages. Just after daybreak, Danny Fly, another local hunter, found Doug's lifeless body at the edge of the woods. *Id.* at (¶3). Officers searched Verina's house and found several loaded guns and a gun-cleaning kit next to Verina's unloaded Marlin 30/30 rifle, which she had taken hunting. *Id.* at 350 (¶5). An autopsy later confirmed that Doug died from a single gunshot wound in the back.

¶3. In January 2010, a grand jury indicted Verina for murder. Verina's trial began on August 1, 2011. The State's prosecution was based on circumstantial evidence. At trial,

2

Investigator Brett Watson testified that the "slug taken from Doug's body matched the 30/30 [rifle] [Verina] had carried that day." *Id*. at (¶8). Investigator Watson stated that "[t]he 30/30 was the rifle [Verina] admitted to carrying that day as well as the rifle that was found . . . on their bed after Doug's body was found on the hunting ground." *Id*. at (¶9).

¶4. Pertinent to Verina's present appeal, Investigator Watson established venue at trial, as did Oktibbeha County Sheriff's Deputy William Ford, who had initially interviewed Verina near the scene of the murder. Both testified that the murder occurred in Oktibbeha County, Mississippi. Verina did not dispute venue at trial.

¶5. Prior to the jury's deliberations, both the State and Verina offered instructions covering the essential elements of murder. Verina's proposed instruction included the element of venue. However, Verina's counsel withdrew the instruction because it was a "direct evidence" instruction, not a "circumstantial evidence" one. Verina's counsel did not offer an alternative instruction and raised no objection to the State's proposed instruction, which contained circumstantial-evidence language but did not address venue, i.e., that the jury was required to find that the murder took place in Oktibbeha County. The circuit court gave the State's instruction. The jury found Verina guilty of murder, and the circuit court sentenced her to serve life in prison in the custody of the MDOC.

¶6. On September 30, 2011, Verina filed a "Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for a New Trial." The circuit court denied Verina's motion on October 11, 2011. Verina appealed, raising a number of issues. *Id*. at 349 (¶2).

3

But Verina did not raise the lack-of-a-venue jury instruction or otherwise raise the venue of the crime as an issue on direct appeal. The supreme court affirmed Verina's conviction and sentence. *Id*. at 352 (¶19).

¶7. Verina subsequently filed an application with the supreme court for leave to proceed with a PCR motion alleging the following grounds: "(1) newly discovered evidence; (2) the State withholding and/or knowingly destroying exculpatory evidence; (3) the existence of biological evidence which warrants further testing; (4) an intervening decision of [the supreme court] (i.e., *Reith v. State*, 135 So. 3d 862 (Miss. 2014)); and (5) ineffective assistance of trial counsel." On February 11, 2015, the supreme court partially granted Verina's application, finding "that Verina's intervening-decision claim lack[ed] an arguable basis. But as to Verina's remaining claims, the [supreme court] [found] that her application [was] well-taken and should be granted."

¶8. On March 2, 2015, Verina filed her PCR motion in the circuit court, asserting that

> (1) there [was] a substantial likelihood that evidence discovered and/or developed since her trial would have had an effect on the jury's verdict; (2) that biological evidence was gathered and either not tested or should be tested again, and that such testing will show she should not have been convicted; (3) her attorney rendered ineffective of counsel by . . . not investigating her case, not preparing for trial, and/or not effectively representing her at trial; and (4) the [S]tate withheld and/or knowingly destroyed exculpatory evidence.

The circuit court ordered the State to respond. The Attorney General's Office responded on October 22, 2015, acknowledging that Verina was entitled to an evidentiary hearing. The Oktibbeha County District Attorney's Office also filed a response on June 2, 2016, opposing

4

any relief and contending that Verina was "not entitled to a second bite at the apple."

¶9.  The circuit court initially scheduled an evidentiary hearing but continued that hearing so Verina could obtain additional discovery, including a forensic analysis of Doug's cell phone.  Meanwhile, this Court issued a decision in *Wordlaw v. State*, 218 So. 3d 768 (Miss. Ct. App. 2017).  In *Wordlaw*, we held that the trial court's failure to instruct the jury on venue constituted reversible error because venue was an essential element of the charged crime in that case.  *Id*. at 769, 771 (¶¶8, 15-16).  Because the State failed to instruct the jury on venue, we reversed and remanded Wordlaw's conviction for a new trial.  *Id*. at 768 (¶2).

¶10.  Relying on *Wordlaw*, Verina filed a "Motion to Amend and Supplement Motion for Post-Conviction Relief" in the circuit court on August 31, 2017.  Verina asserted that the State's failure to include venue in the jury instructions in Verina's case likewise amounted to reversible error because venue was an essential element of murder.  Verina argued that her new claim arose out of the "same conduct, transactions and occurrences alleged in the original PCR."  She also asserted that she raised the sufficiency of the jury instructions (though not the State's failure to offer a venue instruction) as part of her ineffective-assistance-of-counsel claim in her original PCR motion.  After hearing argument, the circuit court granted Verina's motion to amend and found that the amended pleading related back to her original PCR motion.  Verina then filed her amended PCR motion, asserting her new venue claim.

¶11.  On February 5, 2018, the circuit court granted Verina's amended PCR motion.  In its

order, the circuit court stated that it "fe[lt] that since venue is considered an essential element of the criminal process (Article 3, Section 26 of the Mississippi Constitution guarantees the right of a defendant to have 'a public trial by an impartial jury of the county where the offense was committed.'), [venue] should [have been] included as an essential element in [the] jury instructions." Based on this finding, the circuit court ordered a new trial. Because the circuit court granted relief on this issue, it did not reach the merits of the other issues raised by Verina in her original PCR motion.

¶12. The State timely appealed, contending that the circuit court erred in granting Verina's amended PCR motion. Specifically, the State asserts that (1) venue cannot be raised for the first time in PCR proceedings; (2) *Rooks v. State*,[1] rather than *Wordlaw*, is controlling; and (3) the State's failure to instruct the jury on venue did not constitute reversible error because venue was not an issue at trial. However, though not raised by the parties, we find that the circuit court lacked jurisdiction to consider Verina's new claim because she did not obtain leave from the supreme court to assert it. Accordingly, the circuit court lacked discretion to grant Verina's motion to amend her PCR motion, and we reverse and remand for further proceedings.

## STANDARD OF REVIEW

¶13. In reviewing a trial court's grant or denial of a PCR motion, "we will only disturb the

---

[1] *Rooks v. State*, 529 So. 2d 546, 556-57 (Miss. 1988) (holding that defendants were not entitled to a venue instruction unless some evidence was adduced that venue was not proper in the particular county).

6

trial court's decision if it is clearly erroneous . . . ." *Smith v. State*, 270 So. 3d 1066, 1069 (¶7) (Miss. Ct. App. 2018). "A trial court's [grant or] denial of a motion to amend a complaint is subject to an abuse of discretion standard of review." *Faye v. State*, 859 So. 2d 393, 394 (¶4) (Miss. Ct. App. 2003) (citations omitted). However, "[w]e apply a de novo standard of review to questions of law, legal conclusions, and jurisdictional questions." *Allen v. State*, 288 So. 3d 358, 360 (¶5) (Miss. Ct. App. 2019) (citing *Aladdin Constr. Co. v. John Hancock Life Ins. Co.*, 914 So. 2d 169, 174 (¶8) (Miss. 2005)), *cert. denied*, 287 So. 3d 217 (Miss. 2020).

## DISCUSSION

¶14.     The circuit court granted Verina's motion for leave to amend her PCR motion to assert her new venue-instruction claim pursuant to Rule 15 of the Mississippi Rules of Civil Procedure.[2] Generally, under Rule 15, such "leave shall be freely given when justice so requires." M.R.C.P. 15(a). "But the PCR statutes do not provide an unfettered right to present claims not alleged in the PCR motion." *Brandon v. State*, 108 So. 3d 999, 1007 (¶25) (Miss. Ct. App. 2013). Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA),

> [w]here [a petitioner's] conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi . . . and an order

---

[2] Civil Rule 15 is applicable because PCR proceedings are civil, not criminal, in nature.

granted allowing the filing of such motion in the trial court.

Miss. Code Ann. § 99-39-7. "When a case is affirmed on direct appeal, permission from the Mississippi Supreme Court *must* be obtained in order to seek post-conviction relief in the circuit court." *Doss v. State*, 126 So. 3d 1026, 1028 (¶6) (Miss. Ct. App. 2011) (emphasis added) (quoting *Campbell v. State*, 75 So. 3d 1160, 1161-62 (¶7) (Miss. Ct. App. 2011)). "This procedure is not merely advisory, but jurisdictional." *Chandler v. State*, 190 So. 3d 509, 511 (¶6) (Miss. Ct. App. 2016) (quoting *Dunaway v. State*, 111 So. 3d 117, 118 (¶6) (Miss. Ct. App. 2013)).

¶15.    "Subject matter jurisdiction, which is succinctly defined as the authority of a court to hear and decide a particular case, depends on the type of case at issue, and [a court] ha[s] the primary duty, sua sponte, to determine whether a particular case lies within [its] jurisdiction." *Common Cause of Miss. v. Smith*, 548 So. 2d 412, 414 (Miss. 1989) (citations omitted). As applied to claims asserted under the UPCCRA, a circuit court lacks authority to adjudicate a PCR motion whenever the petitioner fails first to obtain permission from the supreme court to file her motion in circuit court. *Forkner v. State*, 227 So. 3d 404, 405-06 (¶5) (Miss. 2017)); *see also Allen*, 288 So. 3d at 361 (¶11) (finding that because petitioner failed to obtain permission from the supreme court to file a PCR motion, "the circuit court lacked authority to adjudicate [it]"); *Cortez v. State*, 9 So. 3d 445, 446 (¶6) (Miss. Ct. App. 2009) (finding that the trial court lacked jurisdiction to hear PCR motion because petitioner "failed to obtain the required permission from the supreme court").

¶16. Here, while Verina sought and was granted leave to file a PCR motion by the supreme court, she failed to raise any venue-instruction claim in her application for leave to proceed. Specifically, her application sought leave to assert PCR claims based on

> (1) newly discovered evidence; (2) the State withholding and/or knowingly destroying exculpatory evidence; (3) the existence of biological evidence which warrants further testing; (4) an intervening decision of [the supreme court] (i.e., *Reith v. State*, 135 So. 3d 862 (Miss. 2014)); and (5) ineffective assistance of trial counsel.

The supreme court granted Verina's request for leave to proceed as to four of her five claims, finding that "[Verina's] intervening-decision claims lack[ed] an arguable basis." Verina then filed her initial PCR motion in the circuit court, asserting those claims for which the supreme court had granted leave to proceed.

¶17. However, the fact that the supreme court granted Verina leave to proceed did not give Verina "an unfettered right to present claims not alleged in the PCR motion." *Brandon*, 108 So. 3d at 1007 (¶25); *see Howard v. State*, 171 So. 3d 566, 568 (¶¶9-11) (Miss. Ct. App. 2015) (affirming circuit court's denial of leave to amend PCR motion because court "had no authority to go beyond the supreme court's order and consider [the movant's] additional issues"). Likewise, the circuit court's discretion to grant Verina leave to amend her PCR motion to assert a new claim was circumscribed by the jurisdictional requirements set forth in the UPCCRA. *See* Miss. Code Ann. § 99-39-7; *Chandler*, 190 So. 3d at 511 (¶6); *Howard*, 171 So. 3d at 568 (¶11); *see also* Miss. Code Ann. § 99-39-3(1) (Rev. 2015) (stating that UPCCRA provides "an exclusive and uniform procedure for the collateral

9

review of convictions and sentences"). Because Verina did not first obtain leave from the supreme court to challenge the State's failure to instruct the jury as to the venue of the murder, "the circuit court lacked authority to adjudicate [the amended motion]." *Allen*, 288 So. 3d at 361 (¶11).

¶18. We acknowledge that Verina's initial PCR claims were already pending in circuit court when we handed down our decision in *Wordlaw v. State*, the intervening decision on which Verina bases her venue-instruction claim in her amended PCR motion. *See Wordlaw*, 218 So. 3d at 770 (¶15) (holding that trial court's failure to instruct jury on essential element of venue constituted reversible error); *but see Rooks*, 529 So. 2d at 556 (Miss. 1988) (holding that defendants were not entitled to a venue instruction unless they presented some evidence that venue was not proper). Regardless of the merits of Verina's reliance on *Wordlaw*, we are aware of no exception from the jurisdictional procedure set forth in section 99-39-7 applicable to a PCR claim based on an intervening appellate decision. *Cf.* Order, *Smith v. State*, 2013-M-00205, at 1 (Miss. Dec. 13, 2018) (denying petitioner's application to file PCR motion in circuit court because court "will not consider venue questions raised for the first time in post-conviction proceedings") (citing Order, *Page v. State*, 2013-M-01645 (Miss. Dec. 17, 2015)); Order, *Mason v. State*, 2015-M-00423, at 1-2 (Miss. Oct. 22, 2015) (citing *Moreno v. State*, 79 So. 3d 508 (Miss. 2012)) (same).

¶19. Put differently, a petitioner whose conviction and sentence were affirmed on direct appeal cannot accomplish indirectly (via a motion to amend a pending PCR motion in the

circuit court) what she could not do directly under the UPCCRA—namely, assert new PCR claims in the circuit court without first obtaining leave from the supreme court to do so. Under the UPCCRA's statutory framework, Verina was required first to seek leave from the supreme court to assert her venue-instruction claim based on *Wordlaw*, and Verina could proceed only if such leave was granted. Because Verina's venue-instruction claim was not first considered by the supreme court, the circuit court lacked authority to adjudicate it. *See Howard*, 171 So. 3d at 568 (¶11). It follows that the circuit court lacked discretion to allow Verina to amend her PCR motion to assert the new claim. We therefore reverse the circuit court's order granting Verina's amended PCR motion and remand for further proceedings as to the claims asserted in Verina's initial PCR motion.[3]

¶20.    **REVERSED AND REMANDED.**

   **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD AND LAWRENCE, JJ., CONCUR. McCARTY, J., NOT PARTICIPATING**.

---

[3] Our determination that the circuit court lacked jurisdiction to adjudicate Verina's venue-instruction claim is without prejudice to the merits of that claim or to Verina's ability to petition the supreme court for leave to proceed consistent with section 99-39-7.