¶ 1. During the early hours of June 30, 2000, Sherrod Davis approached the house of R.L., his first cousin, and placed his hand through a hole in the screen porch to gain access to the front door. Upon making his way to the front door entrance to the home, Sherrod knocked on the door, summoning R.L. When asked who was present at that time of night, Sherrod answered "It's Sherrod." Believing that there was some type of family emergency, R.L. opened the door to allow Sherrod to come inside. Once inside, Sherrod raped R.L. at gunpoint. R.L. was eventually able to escape from Sherrod and notify a neighbor to call the police. That night a rape kit was administered and the next day charges were filed.
 ¶ 2. On February 25, 2002, the Grand Jury of Humphreys County, Mississippi returned an indictment against Sherrod, charging him with rape and burglary of a dwelling house. On February 24, 2004, Sherrod was tried and convicted of the charged crimes. As a result, Sherrod was sentenced to imprisonment for a term of twenty years for the rape of R.L. and five years imprisonment for the burglary of a dwelling house. Sherrod's sentences were to run consecutively, resulting in a twenty-five year sentence. On March 10, 2004, Sherrod filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied by the trial court. Aggrieved by the trial court's ruling, Sherrod appeals raising the following three issues:
 I. WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT SHERROD'S MOTION FOR A DIRECTED VERDICT, OR BY DENYING SHERROD'S MOTION FOR JNOV OR ALTERNATIVELY FOR A NEW TRIAL.
 II. WHETHER THE CHARGE OF BURGLARY WAS PROPERLY BEFORE THE COURT.
III. WHETHER SHERROD'S SENTENCE WAS IMPROPER.
 ¶ 3. Finding now error, we affirm.
 LEGAL ANALYSIS
I. WHETHER THE TRIAL COURT ERRED BY REFUSING TO GRANT SHERROD'S MOTION FOR A DIRECTED VERDICT, OR BY DENYING SHERROD'S MOTION FOR *Page 1230 
JNOV OR ALTERNATIVELY FOR A NEW TRIAL.
 ¶ 4. An appellant's motion for a directed verdict is reviewed under the same standard of review employed for review of the denial of a judgment notwithstanding the verdict. Shelton v.State, 853 So.2d 1171, 1186 (¶ 48) (Miss. 2003). The proper standard of review for the denial of a judgment notwithstanding the verdict is stated as follows:
 This Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standards of review however, are predicated on the fact that the trial judge applied the correct law.
Alabama Great Southern R. Co. v. Lee, 826 So.2d 1232, 1235-36 (¶ 12) (Miss. 2002) (quoting Steele v. Inn of Vicksburg, Inc.,697 So.2d 373, 376 (Miss. 1997)).
 DISCUSSION ¶ 5. Sherrod first argues that, under the applicable standard of review, the trial court erred by refusing to grant for a directed verdict and by denying his motion for JNOV or for a new trial. Sherrod argues that the investigation was improperly conducted, that the investigation spanned a prolonged period of time, and that there was no corroborating proof of R.L.'s statements.
 ¶ 6. The State argues that the evidence presented at trial was sufficient to support the conviction. The two convictions were based upon burglary and rape. There was evidence presented that Sherrod reached through a hole in the screen of the porch, unlatched the door, and pushed the door open. In Mississippi, this is sufficient to constitute a breaking, and will be discussed more thoroughly in Issue II below. Sherrod was also convicted of rape. There was evidence presented that Sherrod had sexual intercourse with R.L. while holding her at gunpoint. R.L.'s testimony is sufficient to uphold the conviction of rape. Our case law clearly states that "the totally uncorroborated testimony of a rape victim is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other evidence." Christian v. State, 456 So.2d 729, 734
(Miss. 1984) (citing Otis v. State, 418 So.2d 65, 66 (Miss. 1982); Davis v. State, 406 So.2d 795, 801 (Miss. 1981)). R.L.'s testimony, though uncorroborated, was uncontradicted and accordingly supports the conviction of rape. As will be discussed below, the conviction of burglary was properly supported by our case law and therefore, this issue is without merit.
II. WHETHER THE CHARGE OF BURGLARY WAS PROPERLY BEFORE THE COURT.
 DISCUSSION ¶ 7. Sherrod next argues that the court erred by instructing the jury on the charges of burglary, as he contends that there was no force used to gain entry. Sherrod submits that the entry to the dwelling is through the main door which is the door R.L. opened for Sherrod, and as such, there was no breaking involved. Sherrod contends that the screen porch door is not considered a part of the dwelling, but rather would fall into an unprotected area within the curtilage. *Page 1231 
 ¶ 8. The record indicated that Sherrod entered the porch by unlocking the porch door. Sherrod unlocked the porch door by sliding his hand through a small hole in the screen. It is well-established in Mississippi that a breaking is conducted by an act of force, regardless of how slight, necessary to be used in entering a building, such as turning a knob, a slight push to further open a door, or raising a latch. Gross v. State,191 Miss. 383, 391, 2 So.2d 818, 820 (1941). Therefore, Sherrod's act of opening the porch door is clearly sufficient to constitute a breaking, but such a conclusion does not directly address Sherrod's contention.
 ¶ 9. Taking into consideration Sherrod's argument, that the porch is not to be considered a part of the dwelling, it is readily apparent that the screen porch is permanently attached to the dwelling house and entry through it would be required to gain entrance to the home. Further, although R.L. allowed Sherrod to enter the house through the main door, Sherrod was granted entrance by trickery, as R.L. testified that she thought something was wrong with a family member and opened the door for Sherrod based upon this belief. Mississippi recognizes that the act of gaining or enticing an invitation into a house constitutes constructive breaking. Templeton v. State, 725 So.2d 764,766-67 (¶¶ 2-7) (Miss. 1998). As such, Sherrod's contention on this issue is without merit.
III. WHETHER SHERROD'S SENTENCE WAS IMPROPER.
 DISCUSSION ¶ 10. Next Sherrod contends that the sentence imposed should not have exceeded the twenty year sentence offered under the original plea offer due to his mental retardation. Sherrod argues that due to his mental deficiency, he was unable to knowingly, intelligently, and voluntarily enter into a plea agreement which would have been in his best interest, and therefore, the sentence was excessive, constituting cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution.
 ¶ 11. It must first be noted that the sentence imposed fell within the statutory guidelines and as such does not constitute cruel and unusual punishment. Ford v. State, 844 So.2d 496,498 (¶ 8) (Miss.Ct.App. 2003) (citing Barnwell v. State,567 So.2d 215, 221-22 (Miss. 1990)). Additionally, the sentence imposed was consistent with Mississippi and United States Supreme Court case law which states "there is no constitutional right to a plea bargain." See Weatherford v. Bursey, 429 U.S. 545, 561,97 S.Ct. 837, 51 L.Ed.2d 30 (1977); Medina v. State,688 So.2d 727, 731 (Miss. 1996). Further, had a plea been entered, the trial judge would not have been bound to accept the recommended sentence. Moore v. State, 394 So.2d 1336, 1337 (Miss. 1981). Therefore, this issue is without merit.
 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY OFCONVICTION OF COUNT I-RAPE AND SENTENCE OF TWENTY YEARS ANDCONVICTION OF COUNT II-BURGLARY OF A DWELLING HOUSE AND SENTENCEOF FIVE YEARS WITH SENTENCES TO RUN CONSECUTIVELY ALL IN THECUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. *Page 1232