DICKINSON, Presiding Justice,
for the Court:
¶ 1. Rodrique Watson appeals his conviction for burglary of a dwelling. Because the trial judge incorrectly instructed the jury that breaking the plane of a door satisfies the force element of burglary of a dwelling, we reverse his conviction and remand for a new trial.
FACTS AND PROCEDURAL HISTORY
¶ 2. When Sue Hegwood returned home from shopping, she parked her car in an open garage, which was attached to her home. According to her testimony at trial, the following events took place as she began unloading her purchases from the back seat:
I looked up, and there was a young man walking up the driveway. As you can see, it’s short. I was close to him. I thought at first he was someone who works for the lady next door, but then I saw his vehicle, and I had never seen that vehicle before, and I didn’t think I’d ever seen him before. I just walked toward him, and I don’t know exactly what I said. I said something like, Could I help you? I thought maybe he was lost. I wasn’t afraid of him. But he didn’t answer me. And then he had a bandanna-like thing. When he didn’t answer me, he pulled it up over his mouth, and I knew that I had a problem. I started to back up, and he just kept backing me up looking me right in the eye. And I’m 69 years old. I was afraid to run. I knew I couldn’t do that. I didn’t know what his intentions were. I thought he probably wanted to get into my house. I didn’t know what he wanted. I told him to go away. I asked him *447 several times what he wanted. Told him to leave me alone. He just kept backing me up into the garage, and then he — I was all the way into my garage. He ran around, and I knew when he ran what was up because I knew he knew where my purse was. He went directly to the passenger side of my car where my purse was and opened the door and got it and ran. I ran. At that point I screamed. Nobody heard me. My husband was inside the house, but he was in the back of the house, and he couldn’t hear me.
¶3. The case proceeded to trial and Watson was convicted of burglary of a dwelling and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections.
DISCUSSION
¶ 4. Watson was convicted for burglary of a dwelling under Mississippi Code Section 97-17-23(1), which provides:
Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished ... for not less than three (3) years nor more than twenty-five (25) years.[1]
¶ 5. This statute required the State to prove two elements: (1) unlawful breaking and entering the dwelling house and (2) the intent to commit a crime therein.[2] At the jury-instruction conference, the State submitted the following proposed instruction numbered S-2:
The Court instructs the Jury that “breaking” as used in the indictment and in the Court’s instructions, means any act of force, regardless of how slight, which is necessary to be used in entering a building, whether the building be locked or unlocked.
The Court further instructs the Jury that the “force” used to enter the building may be accomplished through the passage of a door, which breaks the plane.[3]
¶ 6. The trial court then had the following discussion concerning S-2 with Watson’s counsel, Mr. Pittman, and the prosecutor, Mr. Vaughn:
MR. PITTMAN: Your Honor, I’d agree to the first paragraph and object to the second.
THE COURT: On what basis?
MR. PITTMAN: Well, I don’t believe that’s the proper statement of the law, and I think there has to be some opening. Not just merely breaking a plane that’s non-existent.
THE COURT: Response?
MR. VAUGHN: Yes, Judge, I have a case, and I can present it to the Court, Chaney v. State, December 8, 2001. Paragraph 9. The language in Paragraph 2 [of S-2] comes almost directly from Paragraph 9 [from the case].
THE COURT: I believe that is a correct statement of the law. It will be given.
¶ 7. In Chaney v. State, the Court of Appeals — in a five to five decision — stated that “even if the door is propped open ... passage through the door, which broke the *448 plane” was sufficient to satisfy the breaking element of burglary of a dwelling house.[4] In Ladd v. State, however, the Court of Appeals held that the mere act of walking through a raised, open garage door does not qualify as a “breaking” since there was no “act or force ... employed to effect an entrance.”[5]
¶ 8. The Ladd court overruled its previous holding in Chaney, stating that the case was “wrongly decided.”[6] We agree with the Court of Appeals in Ladd, that merely walking through an open door does not satisfy the “breaking” requirement for burglary of a dwelling.[7]
CONCLUSION
¶ 9. Because the jury was improperly instructed on the requirements for satisfying the “breaking” element of burglary of a dwelling, we reverse and remand for a new trial.
IF 10. REVERSED AND REMANDED.
WALLER, C.J., LAMAR, KITCHENS, CHANDLER, KING AND COLEMAN, JJ., CONCUR. LAMAR, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., DICKINSON, P.J., KITCHENS AND COLEMAN, JJ. PIERCE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J.

. Miss.Code. Ann. § 97-17-23 (Rev.2006).

. Jackson v. State, 90 So.3d 597, 604 (Miss.2012) (citations omitted).

.(Emphasis added.).

. Chaney v. State, 802 So.2d 113, 115 (Miss.Ct.App.2001), overruled by Ladd v. State, 87 So.3d 1108 (Miss.Ct.App.2012).

. Ladd, 87 So.3d at 1115; see also Hill v. State, 929 So.2d 338, 340 (Miss.Ct.App.2005) (accused who walks through open door guilty of a trespass, not a burglary).

. Ladd, 87 So.3d at 1115.

. Our ruling today does not overrule our previous opinions regarding constructive breaking. See e.g. Christmas v. State, 10 So.3d 413 (Miss.2009); Haynes v. State, 744 So.2d 751 (Miss.1999); Templeton v. State, 725 So.2d 764 (Miss.1998).