# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-KA-00604-SCT

*CHARLES NAYLOR a/k/a CHARLES EDWARD NAYLOR a/k/a CHARLES E. NAYLOR a/k/a CHARLES ED NAYLOR*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/03/2017 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| TRIAL COURT ATTORNEYS: | ZACHARY M. VAUGHN |
| | JAMES LANE |
| | CANDANCE L. RICKMAN |
| | PAUL B. JOHNSON, III |
| | TANGI A. CARTER |
| | ROBERT WHITACRE |
| | T. MICHAEL REED |
| | PATRICIA BURCHELL |
| | JASON DARRELL LITTLE, JR. |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA McCLINTON |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/05/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND CHAMBERLIN, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. After discovering an interloper inside a parked, inoperable Volvo vehicle that he knew belonged to Bobby Brewer, Jerry McGill called the police, then pursued the man as he fled

on foot. The police identified the man as Charles Naylor. Naylor had in his possession Brewer's global positioning system (GPS) and an insurance card that bore Brewer's name. He was convicted of burglary of an automobile and was sentenced, as an habitual offender pursuant to Mississippi Code Section 99-19-81 (Rev. 2015), to seven years' imprisonment without parole. On appeal, Naylor claims that the evidence was insufficient to support his conviction. Finding no merit in Naylor's claim on appeal, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Jerry McGill owns an automobile mechanic shop in Hattiesburg, Mississippi, around the corner from Bobby's Muffler and Brake Shop (Bobby's Muffler), which is owned by Bobby Brewer. On October 29, 2015, McGill, who does mechanic work at night, was responding to a broken-down vehicle call when he drove by Bobby's Muffler. McGill noticed that a door was open on the Volvo parked outside Bobby's Muffler. McGill knew the vehicle belonged to Brewer.

¶3. When McGill stopped to close the door, a man raised his head inside the Volvo and got out. The man, whom law enforcement personnel later identified as Charles Naylor, walked over to McGill, who still was in his truck. Naylor informed McGill that the Volvo belonged to him, that he had dropped it off for repairs, and that Brewer was to work on it the next morning. McGill told Naylor that he worked at Bobby's Muffler and asked for Naylor's information, whereupon Naylor replied that the shop already had his information. When McGill snapped a photograph[1] of Naylor, Naylor walked away. McGill telephoned the police

---

[1] This photograph, taken with McGill's cellular telephone, was introduced in evidence as Exhibit 1 and shown to the jury.

at that point. He then got out of his truck, looked in the Volvo, and noticed that papers had been strewn about its interior and that the glove box had been "just tore all open . . . ."

¶4. McGill remained on the line with the police and followed Naylor, who was walking ahead, in his truck. McGill did not lose sight of Naylor and followed him until Naylor sat down on the sidewalk outside a McDonald's restaurant, located approximately a quarter mile from Bobby's Muffler. McGill, who was instructed to wait at a gas station across from the McDonald's, saw officers arrest Naylor outside the restaurant.

¶5. Officer Allen Grace of the Hattiesburg Police Department responded to McGill's call. Naylor was identified and was detained. In Naylor's possession, police found a global positioning system (GPS) unit and an automobile insurance card for a white Volvo which bore Bobby Brewer's name. Officer Grace testified that he had lifted some fingerprints from Brewer's Volvo but explained that those fingerprints were not Naylor's. According to Officer Grace, after apprehending Naylor, he had investigated the scene at Bobby's Muffler and found the Volvo unlocked with a door open; the vehicle's glove box also was open.

¶6. Bobby Brewer testified at Naylor's trial that the Volvo had been inoperable, locked, and parked in front of his shop until the alleged burglary and that "[i]t had been locked for sometime [sic] . . . ." He continued that his insurance card had been in the glove box and that his "GPS was either [lying] on the floorboard or somewhere other than the glove box."

¶7. Naylor was convicted of burglary of an automobile and was sentenced by the Circuit Court of Forrest County, as an habitual offender pursuant to Mississippi Code Section 99-19-81 (Rev. 2015), to seven years' imprisonment without parole. On appeal he claims that the

3

State failed to "prove that Naylor actually broke into Mr. Brewer's Volvo[;] therefore, the evidence was insufficient and the verdict was contrary to the weight of the evidence."

## STANDARD OF REVIEW

¶8. "When reviewing a challenge for sufficiency of the evidence, this Court must determine whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ambrose v. State*, 133 So. 3d 786, 791 (Miss. 2013) (citations omitted). "The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence." *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993).

> [I]f a review of the evidence reveals that it is of such quality and weight that, "having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense," the evidence will be deemed to have been sufficient.

*Shelton v. State*, 214 So. 3d 250, 256 (Miss. 2017) (citations omitted).

¶9. "When the weight of the evidence is challenged, this Court 'will reverse only when the verdict [is] so contrary to the weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" *Christian v. State*, 207 So. 3d 1207, 1214 (Miss. 2016) (quoting *Wales v. State*, 73 So. 3d 1113, 1121 (Miss. 2011)).

## ANALYSIS

¶10. "Every person who shall be convicted of breaking and entering, in the day or night, any . . . automobile . . . with the intent to steal therein . . . shall be guilty of burglary and imprisoned in the penitentiary not more than seven (7) years." Miss. Code Ann. § 97-17-

4

33(1) (Rev. 2014). Actual breaking has been defined by this Court as "'any act of force, however slight, "employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed.'"" *Johnson v. State*, 2017 WL 6059930, *3 (Dec. 7, 2017) (quoting *Templeton v. State*, 725 So. 2d 764, 766 (Miss. 1998) (quoting *Smith v. State*, 499 So. 2d 750, 752 (Miss. 1986))).

¶11.    Naylor argues that, "with the evidence presented, it is just as likely that Naylor came upon the Volvo with the door already open and Naylor merely trespassed in the Volvo and committed petit larceny." But under this Court's standard for reviewing challenges to the sufficiency of the evidence, even if, "having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence is sufficient." *Shelton*, 214 So. 3d at 256. Moreover, "'when the evidence is conflicting, the jury will be the sole judge of the credibility of witnesses and the weight and worth of their testimony.'" *Little v. State*, 233 So. 3d 288, 292 (Miss. 2017) (quoting *Gathright v. State*, 380 So. 2d 1276, 1278 (Miss. 1980)). Brewer testified that the Volvo was locked outside Bobby's Muffler at the time of the crime and that it had been locked for some time. In his closing argument, Naylor contended that he merely had happened upon a Volvo with an open door. Despite Naylor's contention to the contrary, the jury was entitled to believe Brewer's testimony that his Volvo had been locked until the alleged burglary.

¶12.    In 1997, this Court adopted and applied a standard by which a defendant's participation in a burglary can be inferred by the defendant's possession of recently stolen

5

property. ***Shields v. State***, 702 So. 2d 380, 382 (Miss. 1997). "That is, 'the inference of participation in the crime drawn from possession of the fruits of the crime is to be judged like any other inference, that is, on the strength of that inference in the light of the facts of each particular case.'" ***Id.*** (quoting ***Cosby v. Jones***, 682 F. 2d 1373, 1383 (11th Cir. 1982)). Of course, "[t]he circumstances of possession and the presence or absence of evidence of participation in the crime other than mere possession must be viewed." ***Shields***, 702 So. 2d at 382 (citing ***Cosby***, 682 F. 2d at 1380, 1382-83). This Court noted some "common sense circumstances to be considered" in determining whether a burglary can be inferred from a defendant's possession of stolen items:

1. The temporal proximity of the possession to the crime to be inferred;

2. The number or percentage of the fruits of the crime possessed;

3. The nature of the possession in terms of whether there is an attempt at concealment or any other evidence of guilty knowledge;

4. Whether an explanation is given and whether that explanation is plausible or demonstrably false.

***Id.*** at 383 (quoting ***id.***).

¶13. In ***Shields***, the defendant offered to sell three guns at a pawn shop the same day the guns had been stolen and their owner's house had been burglarized. ***Shields***, 702 So. 2d at 381. The pawn shop purchased two of the guns. ***Id.*** The third gun, which was not purchased by the pawn shop, was recovered at the pawn shop. ***Id.*** In affirming Shields's conviction, this Court considered the circumstances:

> The first factor, the temporal proximity of possession, lends great strength to the inference that Shields committed the burglary. There is evidence that

6

Shields possessed fruits of the burglary on the same day of the burglary. The second factor also lends strength. Three of the four items taken were identified in Shields' possession. The third factor detracts from the inference. Shields sold these guns, bearing serial numbers, in his own name without any attempt to hide his identity. Finally, the fourth factor lends strength to the inference, since Shields offered no explanation whatever. Although there is evidence that he told the pawnbroker that he bought and sold guns all of the time, there is no indication that he bought these guns or acquired them in any other manner.

*Id.* at 383.

¶14. Naylor claims that "more than proximity is needed" to sustain a burglary conviction. But evidence that Naylor possessed fruits of the burglary on the same day of the burglary when he was apprehended a quarter mile from the site of the burglary strengthens the inference that Naylor committed the burglary. Moreover, Naylor had not been out of McGill's sight from the time he walked away from the Volvo until he was taken into police custody. The first **Shields** "common sense circumstance," the temporal proximity of possession, is satisfied. Both items, the GPS and the insurance card, were found in Naylor's possession and, therefore, the second factor also strengthens the inference that Naylor committed the burglary. The third factor neither strengthens nor detracts from the inference that Naylor committed the burglary because the record does not reflect whether he attempted to conceal the contraband. Officer Grace could not remember whether the items were found in Naylor's backpack or in his pocket. The fourth factor strengthens the inference, because, according to Officer Grace's testimony, Naylor could not explain his possession of Brewer's insurance card.

¶15. Nevertheless, this Court also must consider the "circumstances of possession and the presence or absence of evidence of participation in the crime other than mere possession . .

7

. ." ***Shields***, 702 So. 2d at 382 (citing ***Cosby***, 682 F. 2d at 1380). Plentiful evidence beyond the mere circumstance of Naylor's possession of the stolen items supports an inference that Naylor burglarized Brewer's Volvo.

¶16.    McGill testified that he had seen a man later identified as Naylor in the Volvo, which McGill knew belonged to Brewer, with one of the vehicle's doors open. McGill testified that Naylor falsely claimed both that the car belonged to him and that he had dropped the car off to be repaired. McGill continued that, when he photographed the Volvo's occupant with his cellular phone, the man walked away. McGill then stated that he had called the police and remained on the line with the police while, in his truck, he followed Naylor, who was walking ahead on foot. McGill never lost sight of Naylor and followed him until Naylor sat down on the sidewalk outside a McDonald's, located approximately a quarter mile from Bobby's Muffler. McGill then witnessed officers arrest Naylor outside the McDonald's. In Naylor's possession, police found a global positioning system (GPS) unit and an automobile insurance card for a white Volvo which had Bobby Brewer's name on it.

¶17.    Naylor references ***Ladd v. State***, in which the Mississippi Court of Appeals held that "the mere act of walking through a raised, open garage door does not constitute an 'act of force, however slight, employed to effect an entrance' and is not a 'breaking.'" ***Ladd v. State***, 87 So. 3d 1108, 1115 (Miss. Ct. App. 2012). And this Court approved the decision of the Court of Appeals in ***Watson v. State***: "We agree with the Court of Appeals in ***Ladd***[] that merely walking through an open door does not satisfy the 'breaking' requirement for burglary of a dwelling." ***Watson v. State***, 123 So. 3d 446, 448 (Miss. 2013). However, in ***Ladd***, the

8

crime victim testified that she had left the garage door open. *Ladd*, 87 So. 3d at 1114. Here, Brewer testified that his Volvo had been locked at the time Naylor is alleged to have burglarized it. The jury was entitled to believe Brewer's testimony.

¶18. While Naylor references an argument that the verdict was contrary to the overwhelming weight of the evidence in his brief's argument summary, he presents no further argument or authority in support of this claim. This Court "is under no obligation to consider an assigned error without citation to authority." *Brown v. State*, 798 So. 2d 481, 497 (Miss. 2001) (citing *Brown v. State*, 534 So. 2d 1019, 1023 (Miss. 1988)).

## CONCLUSION

¶19. Because the evidence was sufficient to support Naylor's conviction of burglary of an automobile, we affirm.

¶20. **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**