# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01109-COA

**JULIUS CRAWFORD**                                                **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/13/2018 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JULIUS CRAWFORD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MATTHEW WYATT WALTON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/03/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., TINDELL AND C. WILSON, JJ.

### TINDELL, J., FOR THE COURT:

¶1. On October 10, 2016, Julius Crawford pled guilty to burglary of a dwelling. On April 18, 2018, Crawford filed an unsuccessful motion for post-conviction relief (PCR) in the circuit court, arguing that (1) the facts surrounding his case did not support a charge of burglary of a dwelling, (2) his plea was not voluntary, and (3) he received ineffective assistance of counsel. Crawford now appeals the circuit court's dismissal of his PCR motion. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. On February 26, 2016, a grand jury indicted Crawford for burglary of a dwelling-house. Crawford was also indicted as a habitual offender under Mississippi Code Annotated

section 99-19-81 (Rev. 2014). On October 10, 2016, Crawford entered an *Alford*[1] or best-interest plea, and the circuit court found Crawford's plea was knowingly and voluntarily made. The circuit court accepted Crawford's guilty plea and sentenced him to fifteen years in the custody of the Mississippi Department of Corrections, with twelve years to serve, followed by three years of post-release supervision.

¶3.     On April 18, 2018, Crawford filed a PCR motion with the circuit court, arguing as follows: (1) there was no factual basis to support his guilty plea; (2) his plea was not voluntary; and (3) he received ineffective assistance of counsel. The circuit court found that an evidentiary hearing was unnecessary in the matter, and finding no merit to Crawford's arguments, the circuit court denied relief and dismissed his PCR motion. Aggrieved, Crawford now appeals the circuit court's ruling on his PCR motion and further argues on appeal that the circuit court erred by ruling on his PCR motion without first holding an evidentiary hearing.

## STANDARD OF REVIEW

¶4.     This Court reviews the denial or dismissal of a PCR motion for abuse of discretion, and "we will only disturb the circuit court's decision if it is clearly erroneous." *West v. State*, 226 So. 3d 1238, 1239 (¶3) (Miss. Ct. App. 2017). The circuit court's legal conclusions, however, are reviewed de novo. *Id*.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

## ANALYSIS

### I. Factual Basis

¶5. Crawford argues that his guilty plea was involuntary because there was an insufficient factual basis to support his plea. "Before the trial court may accept a guilty plea, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." *Venezia v. State*, 203 So. 3d 1, 2 (¶6) (Miss. Ct. App. 2016). The burglary conviction here required evidentiary grounds of:

> breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein . . . .

Miss. Code Ann. § 97-17-23(1) (Supp. 2008). Crawford argues that no factual basis existed to satisfy the "breaking" element, which is defined as "any act of force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open or closed." *Naylor v. State*, 248 So. 3d 793, 796 (¶10) (Miss. 2018) (internal quotation marks omitted) (quoting *Johnson v. State*, 235 So. 3d 1404, 1410 (¶14) (Miss. 2017)).

¶6. When determining whether a sufficient factual basis existed at the trial-court level, we review the entire record. *Smith v. State*, 86 So. 3d 276, 280-81 (¶11) (Miss. Ct. App. 2012). "[A]n admission of guilt is not essential for a constitutionally valid guilty plea" so long as some factual basis for each requisite element exists for the plea. *Id*. at 280 (¶10). "A sufficient factual basis requires 'an evidentiary foundation in the record which is sufficiently

3

specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal.'" *Id*. at (¶11) (quoting *Lott v. State*, 597 So. 2d 627, 628 (Miss. 1992)). Furthermore, "[t]he factual basis must show each essential element of the offense." *Id*. (quoting *Carter v. State*, 775 So. 2d 91, 99 (¶35) (Miss. 1999)).

¶7. We find that a factual basis existed for Crawford's plea for several reasons. First, when the circuit court asked for a factual basis for the plea, the State read a statement aloud that mirrored Crawford's indictment. This exchange occurred as follows:

> COURT: What would the facts in this case show, please?
>
> STATE: [T]he State is prepared to show beyond a reasonable doubt that Julius Crawford, on or about the 29th day of April, 2015, here in Washington County, did unlawfully, willfully, feloniously, and burglariously break and enter the dwelling house of James Ledbetter, located at 712 East Walker Street, Greenville, Mississippi, Washington County, the property of James Ledbetter, with the intent to take, steal, and carry away personal property located therein, as such cases may have provided and against the peace and dignity of the State of Mississippi.

¶8. Crawford's indictment stated:

> [O]n or about the 29th day of April, 2015, in Washington County, [Crawford] did unlawfully, willfully, feloniously, and burglariously break and enter the dwelling house of James Ledbetter located at 712 East Walker Street, Greenville, Mississippi, Washington County, the property of James Ledbetter, with the intent to take, steal, and carry away [] personal property located therein, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

¶9. As this Court has previously stated, "[J]ust as there is more than one way to skin the proverbial cat, there are numerous ways to establish a factual basis for a guilty plea."

*Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013). Guilty pleas may be factually established "by a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Id*. (citing *Turner v. State*, 864 So. 2d 288, 292 (¶17) (Miss. Ct. App. 2003)) (internal quotations marks omitted). However, "[t]he mere fact that the factual basis does not provide all the details which may be produced at trial does not make the guilty plea invalid." *Cherry v. State*, 24 So. 3d 1048, 1052 (¶9) (Miss. Ct. App. 2010). Also, "if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." *Id*. (citing *Drake v. State*, 823 So. 2d 593, 594 (¶6) (Miss. Ct. App. 2002)).

¶10. In its decision to deny Crawford's request for relief and enter an order dismissing Crawford's motion, the circuit court found that both the charging indictment and the statement recited by the State at the plea colloquy sufficiently set forth a factual basis establishing all the necessary elements needed to prove burglary in Crawford's case. Upon review, we agree. The State adequately informed the circuit court, through both the indictment and its statement, that Crawford did "unlawfully, willfully, feloniously[,] and burglariously break and enter the dwelling house of James Ledbetter . . . with the intent to take, steal, and carry away[] personal property located therein." We find that the prosecutor's statement and the indictment provided all the necessary ingredients to establish a sufficient basis to support Crawford's guilty plea.

¶11. Second, during his plea colloquy, Crawford disagreed with the State's factual basis

5

but then seemingly established additional facts in the following exchange:

COURT: All right, Mr. Crawford, you have heard what the State would try to prove at trial. Do you have any substantial disagreement with what [the State] just said?

CRAWFORD: Honestly, your Honor, yes, I do have a disagreement. I didn't force my way into Mr. Ledbetter's house. **I had, in order to get to the back door, I had to get through the back door, had to knock on it.** I had to enter the open garage because it's inside the garage.

(Emphasis added).

¶12. On appeal, Crawford asserts that he merely walked through an open garage, which he contends may amount to trespass but fails to meet the "breaking" standard for burglary of a dwelling. To support his contention, Crawford cites to *Hill v. State*, 929 So. 2d 338, 340 (¶5) (Miss. Ct. App. 2005) (quoting *Goldman v. State*, 741 So. 2d 949, 951 (¶18) (Miss. Ct. App. 1999)), which held that, for burglary, "the structure must generally be closed. Otherwise the entry is merely a trespass, not a 'breaking' and a 'burglary.'" Crawford also cites to *Ladd v. State*, 87 So. 3d 1108, 1115-16 (¶23) (Miss. Ct. App. 2012). In *Ladd*, the victim left her garage open, and the defendant entered the open garage and stole the victim's lawn equipment. *Id*. at 1111 (¶4). A jury convicted the defendant of burglary of a dwelling, and the circuit court denied the defendant's motions for a new trial. *Id*. at 1112 (¶¶9-10). In reversing the burglary conviction, we held that "[the defendant]'s act of walking through [the victim]'s open garage door does not satisfy the necessary 'breaking' element to warrant a charge for burglary of a dwelling. [The defendant]'s actions, however, do warrant a lesser-

6

included charge of trespass . . . ." *Id*. at 1115 (¶23).

¶13.   Unlike *Ladd*, Crawford indicated to the circuit court that he entered the open garage "in order to get to the back door" inside the victim's garage.  Furthermore, the record contains the police report from the Greenville Police Department with a narrative of the incident.  In the police report, which Crawford attached to his PCR motion, the victim states that he found Crawford attempting to steal a weed-eater from a storage room inside his garage.  This Court and the Mississippi Supreme Court have held that "any effort, however slight, such as the turning of a doorknob to enter, constitutes a breaking." *Harris v. State*, 68 So. 3d 754, 757 (¶11) (Miss. Ct. App. 2011) (quoting *Templeton v. State*, 725 So. 2d 764, 766 (¶5) (Miss. 1998)).  This includes a person's storage-room. *Id*. at (¶13).  Therefore, this information further establishes a factual basis for Crawford's plea.

¶14.   Third, Crawford acknowledged through his best-interest plea that the State had presented sufficient evidence by which a jury might convict him.  In the following exchange, Crawford and the circuit court thoroughly discussed Crawford's decision to enter an *Alford*, or best-interest, plea:

COURT:          Let's handle it this way.  What I am hearing is, you don't want to plead guilty to burglary.  There is what is called a best-interest plea.  A best-interest plea is where you tell me you and your lawyer have talked about the case, that you've gone over the facts.  You have gone over what the State is going to try to show at trial.  You're not saying that you would get convicted, but you're saying, yeah, there's a chance that I could get convicted if I go to trial.  And instead of facing all the time that you could get by going to trial and getting convicted, you want to

cut your losses and take the deal. That's basically what a best-interest plea is. . . . [B]ut you've got to understand whether you get up here and say, Yeah, I did it and I'm guilty of burglary of a dwelling house and I broke in and everything else, or you say, I want to take the best-interest [plea], the effect is going to be the same. It's still going to be a felony on your record, and any sentence you receive is going to have to be served.

CRAWFORD:     Yes.

COURT:     That doesn't make any difference in that regard. Now, you tell me if you want to plead guilty to burglary or you want to do a best-interest plea?

CRAWFORD:     Best-interest [plea].

COURT:     **Okay. So have you and your lawyer talked about what you are charged with, what the State has to show, the facts they are going to present at the trial, and that you understand it's not a sure bet the State is going to win, but you think you could get convicted at that trial. Is that right?**

CRAWFORD:     **Yes, sir.**

COURT:     **Is that a yes?**

CRAWFORD:     **Yes, sir.**

(Emphasis added).

¶15.     As the circuit court explained, a best-interest plea allows a defendant to maintain his innocence while still conceding that the State had sufficient evidence to convict him, thereby making the plea within the defendant's best interest. *Borden v. State*, 122 So. 3d 818, 824 (¶23) (Miss. Ct. App. 2013). Crawford clearly admitted on the record that the State presented

8

sufficient facts by which a reasonable jury could convict him of burglary.

¶16. While we do agree that the State's factual basis need not provide *all* the details which may be produced at trial, the best practice during a plea hearing is for the State to offer more factual detail than what was produced in this case. Here, it is clear that the State produced the bare minimum required for its factual basis—a recitation of the indictment. Had the State provided a bit more detail during the plea hearing, such as the police report attached to Crawford's PCR motion, it likely could have avoided facing this issue on appeal. However, viewing the record as a whole, based upon the indictment, the prosecutor's statement to the circuit court, and Crawford's own admission during his plea colloquy, we find that a sufficient basis existed to support Crawford's plea. Therefore, this issue is without merit.

## II.     Voluntariness of the Plea

¶17. Crawford next argues that his plea was involuntary because it was the product of coercion. However, Crawford provides no further argument to explain exactly *how* he was coerced. Crawford also cites to no evidence in the record and no legal authority explaining why this Court should find his plea involuntary. "It is well-settled law that 'if an appellant fails to support [his] allegation of error with argument or authority, this Court need not consider the issue.'" *Miller v. State*, 144 So. 3d 199, 203 (¶15) (Miss. Ct. App. 2014) (quoting *Jordan v. State*, 995 So. 2d 94, 103 (¶14) (Miss. 2008)). Crawford's lack of support renders this issue procedurally barred.

¶18. Even without this procedural bar, Crawford's argument fails because no evidence of

coercion exists in the record. Again, Crawford entered a best-interest plea, which allowed him to plead guilty, acknowledging that the State presented enough facts against him to obtain a conviction, while also maintaining his innocence. In the record, Crawford's plea petition thoroughly explained his rights and his waiver of those rights, the charges and sentence associated with his plea, and a statement acknowledging that no promises were offered to him in exchange for his plea. Crawford also informed the circuit court during his plea colloquy that he understood the terms of his plea agreement and signed it accordingly.

¶19. Also, the circuit court repeatedly asked Crawford during his plea if he understood everything and if he still wished to plead guilty. In fact, the circuit court consistently assured Crawford that no one was "trying to trick" him but that the court was simply trying to "make sure [Crawford] knew what was going on." After receiving ample opportunity to report any acts of coercion, Crawford repeatedly affirmed that his plea was voluntary and that no one had influenced him, made any promises, or forced him to plead guilty. We give great weight to a defendant's statements made under oath and in open court. *Vandergriff v. State*, 920 So. 2d 486, 490 (¶7) (Miss. Ct. App. 2006). As such, we find no evidence in the record that Crawford's plea was coerced, and we therefore find this issue to be without merit.

### III. Ineffective Assistance of Counsel

¶20. Crawford also claims that he received ineffective assistance of counsel. To prove his claim, Crawford must meet the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468,

10

476-78 (Miss. 1984). Crawford must show that (1) his "counsel's performance was deficient[,]" and (2) "there is a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." *Lovett v. State*, 270 So. 3d 133, 135 (¶5) (Miss. Ct. App. 2018) (citing *Strickland*, 466 U.S. at 687).

¶21. Crawford argues that his counsel was ineffective by failing to request a lesser-included-offense jury instruction for trespassing. However, because Crawford entered a best-interest plea, he waived his right to a jury trial, and no jury instructions were necessary. Other than this moot argument, Crawford gives no other explanation as to how his counsel was ineffective.

¶22. In its order dismissing Crawford's PCR motion, the circuit court interpreted Crawford's argument as one claiming that his counsel "lacked a full understanding of the consequences of his guilty plea." However, in his sworn plea petition, Crawford acknowledged that he was "satisfied with the advice and help that [his] attorney [gave to him.]" Crawford also attested in the petition that his attorney fully explained the terms of his agreement and that the circuit court would ultimately determine his sentence. Finally, at his plea hearing, Crawford assured the circuit court that he was satisfied with his attorney and her explanation of the plea proceedings, as evidenced below:

COURT: Have you and your lawyer talked about what you're charged with, what the State would have to show at trial, any kind of defense that you might have to this? Have you talked about how the trial may go?

CRAWFORD: Yes, sir.

| COURT: | Are you satisfied [with] the work [your lawyer] has done for you? |
|---|---|
| CRAWFORD: | **So far, yes, sir.** |
| COURT: | **So far.  Do you have any complaints whatsoever?** |
| CRAWFORD: | **No, sir.** |

(Emphasis added).

¶23.    We agree with the circuit court that nothing in the record indicates that Crawford's counsel performed deficiently.  Crawford offers nothing to substantiate the claims against his counsel and fails to meet his burden of proving ineffective assistance of counsel under *Strickland*.  Therefore, this issue is also meritless.

### IV.    Evidentiary Hearing

¶24.    Crawford also argues that the circuit court erred by summarily dismissing his PCR motion without first granting him an evidentiary hearing.  "A [circuit] court possesses the authority to summarily dismiss a PCR motion without an evidentiary hearing if it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to relief.'" *Kennedy v. State*, 181 So. 3d 299, 301 (¶9) (Miss. Ct. App. 2015) (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2015)).  "When the record of the plea hearing belies the defendant's claims, an evidentiary hearing is not required.  If the defendant's claims are totally contradicted by the record, the [circuit court] may rely heavily on statements made under oath." *Rogers v. State*, 811 So. 2d 367, 370-71 (¶11) (Miss. Ct. App. 2001).

¶25. As evidenced by its order dismissing Crawford's PCR motion, the circuit court thoroughly reviewed Crawford's motion, plea petition, and his statements at the plea hearing before denying the relief requested and dismissing his motion. We agree with the circuit court that Crawford provided no evidence that his plea was involuntary or that he received ineffective assistance of counsel. The record provides sufficient evidence to combat all of Crawford's claims, and therefore, an evidentiary hearing was not necessary.

## CONCLUSION

¶26. Upon review of the record, we find no error in the circuit court's dismissal of Crawford's PCR motion without an evidentiary hearing. We therefore affirm the circuit court's judgment.

¶27. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**